# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| URIEL HERRERA and JUAN CARLOS HERNANDEZ, <br><br> Plaintiffs, <br><br> v. <br><br> DECAL CONSTRUCTION, LLC and SHOAIB CHATTA, <br><br> Defendants. | Case No. 19-2470-CM-TJJ |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion for Protective Order (ECF No. 9). Plaintiffs request a protective order prohibiting Defendants from seeking discovery related to the immigration status of Plaintiffs in this action. For the reasons discussed below, the Court grants the motion.

Plaintiffs filed this action on August 14, 2019 pursuant to the Fair Labor Standards Act ("FLSA") for unpaid overtime wages for work they performed for Defendants. Plaintiffs request a protective order, pursuant to Fed. R. Civ. P. 26(c), preventing Defendants from seeking discovery related to Plaintiffs' immigration status. Plaintiffs argue federal courts have repeatedly prohibited such tactics.[1] Defendants oppose the motion, arguing instead that "discovery into the Plaintiffs' immigration status is necessary because undocumented workers cannot recover damages under the FLSA."[2]

Although the Tenth Circuit has not ruled on the exact issue presented here, this Court has previously granted a motion for protective order prohibiting a defendant from seeking discovery

---

[1] ECF No. 10.

[2] ECF No. 14 at 1.

on issues related to the immigration status of the plaintiffs in an FLSA case.[3] Additionally, in *Garcia v. Palomino, Inc.*, this Court ruled in the context of a motion to reopen discovery that the information the defendants sought, "namely information relating to Plaintiffs' immigration status, ha[d] no bearing on the underlying issue of [that] case: whether Plaintiffs [were] entitled to recover unpaid wages for work already performed under the FLSA."[4] These cases support Plaintiffs' request for a protective order in this case.

Moreover, the cases Defendants cite in support of their position are nonbinding and distinguishable from this case. Defendants cite *Hoffman Plastic Compounds, Inc. v. NLRB*.[5] In that case, the U.S. Supreme Court reversed a judgment for back-due wages issued to an undocumented worker pursuant to the National Labor Relations Act, not the FLSA. As Plaintiffs state, "courts have consistently held that *Hoffman* is inapplicable to the FLSA by distinguishing between back pay *for work that was not actually performed* but would have been performed if not for the employer's illegal action and back pay for work already performed, as with the FLSA."[6] Indeed, both parties agree the Eighth Circuit has expressly held that *Hoffman* does not apply to FLSA cases.[7]

Defendants also cite *Egbuna v. Time-Life Libraries, Inc*.[8] There, the Fourth Circuit held that unauthorized aliens lacked standing to sue for allegedly back-due wages for retaliation under

---

[3] *Sanchez v. Creekstone Farms Premium Beef, LLC*, No. 11–4037–KGG, 2011 WL 5900959 (D. Kan. Nov. 23, 2011).

[4] *Garcia v. Palomino, Inc.*, No. 09–2115–EFM, 2010 WL 5149280, at *1 (D. Kan. Dec. 13, 2010)).

[5] 535 U.S. 137 (2002).

[6] ECF No. 16 at 2 (citing *Lucas v. Jerusalem Café, LLC*, 721 F.3d 927, 935 (8th Cir. 2013)) (emphasis added).

[7] *See Lucas v. Jerusalem Café, LLC*, 721 F.3d 927 (8th Cir. 2013).

[8] 153 F.3d 184 (4th Cir. 1998) (en banc).

Title VII of the Civil Rights Act of 1964. But again, this is different than Plaintiffs' FLSA claim for wages for work already performed.

The Court finds that the information Defendants seek relating to Plaintiffs' immigration status has no bearing on the underlying issue in this case of "whether Plaintiffs are entitled to recover unpaid wages for work already performed under the FLSA."[9] Further, as in *Garcia*, the Court finds that "the damage and prejudice which would result to Plaintiffs if discovery into their immigration status is permitted far outweighs whatever minimal legitimate value such material holds for Defendants."[10] Therefore, the Court grants Plaintiffs' motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion for Protective Order (ECF No. 9) is granted.

**IT IS SO ORDERED.**

Dated November 18, 2019, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[9] *Garcia v. Palomino, Inc.*, No. 09–2115–EFM, 2010 WL 5149280, at *1 (D. Kan. Dec. 13, 2010)).

[10] *Id.* (internal quotations omitted).